IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CLINTON THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-13-0465-HE |
| | ) | |
| DYNCORP INTERNATIONAL, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Clinton Thompson brought this action against defendant DynCorp International L.L.C. for breach of contract. Defendant has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). The motion is at issue.

Rule12(b)(6) permits a court to dismiss a claim when a party fails "to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and construed in the light most favorable to the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). Unsupported, conclusory allegations, however, need not be accepted as true. *See* Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011). The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).[1]

---

[1]*Remarkably, defendant's brief asserts the applicability of the standard explicitly rejected by* Twombly.

The complaint alleges that plaintiff was formerly employed as the Chief of Police of Holcomb, Kansas. In April 2011, he received a job offer from Worldwide Recruiting & Staffing Services, LLC ("WRSS" hereafter), the recruiting branch of the defendant, for a position in Afghanistan.[2] This offer was supplemented by two additional offers dated April 18, and May 11, 2013.[3] Plaintiff alleges he accepted the position on the condition that he would not be required to pass a physical fitness test, which he told defendant he would be unable to do. Defendant, or its agents at WRSS, allegedly assured plaintiff that his job offer was not contingent on a physical fitness exam. Plaintiff alleges he subsequently accepted the offer, resigned his position as police chief, and attended orientation camp for his new position with defendant. The complaint alleges that, at the orientation camp and contrary to the earlier assurances, plaintiff was required to take a physical fitness exam. It further alleges that he was unable to pass the exam and was terminated. The complaint asserts a claim for breach of contract based on these allegations.

In its motion, defendant argues that the employment offer was for an "at will"

---

[2]*A 12(b)(6) motion may be converted into a Rule 56 motion to dismiss if "matters outside the pleading are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). However, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). Here, defendant's motion relies on matters outside the pleadings, specifically the offer letters. These documents are referred to in the complaint, are central to plaintiff's claim, and no objection to authenticity has been raised.*

[3]*Defendant argues, in a footnote, that plaintiff has sued the wrong party. The parties' submissions indicate various related parties or their agents were involved in the circumstances giving rise to this dispute. The parties are directed to confer through counsel and, if a serious dispute as to the parties exists which cannot be resolved by agreement, one or both parties should file an appropriate motion.*

position, that plaintiff could be terminated at any time for any reason, and that plaintiff therefore does not have a cognizable breach of contract claim. Plaintiff counters that he is protected by the doctrine of promissory estoppel, based on defendant's assurances that he would not be required to complete a physical fitness exam, and that the doctrine precludes or limits defendant's reliance on the "at will" status of the position.

The parties are not in agreement as to which state's law governs this dispute.[4] However, promissory estoppel is recognized by each jurisdiction the parties reference. Russell v. Bd. of Cnty. Com'rs, 952 P.2d 492, 503 (Okla. 1997) ("Promissory estoppel, which is grounded in the Restatement (Second) of Contracts § 90, has been incorporated into Oklahoma common law."); Fretz Const. Co. v. S. Nat. Bank of Houston, 626 S.W.2d 478, 480 (Tex. 1981) ("Texas has adopted the doctrine of promissory estoppel as set forth by the Restatement of Contracts s 90."); Kirkpatrick v. Seneca Nat. Bank, 515 P.2d 781, 786-87 (Kan. 1973) ("The rule set forth in [Restatement of Contracts] section 90 has long been recognized and relied upon by this court."). Further, the doctrine has been applied to limit, in a proper case, the impact of a party's "at will" status. Lierz v. Coca Cola Enters., Inc., 36 F. Supp. 2d 1295, 1303 (D. Kan. 1999) ("Under Kansas law, an employee may recover under promissory estoppel, in certain circumstances, where an employment contract is otherwise unenforceable or where the employee is an at-will employee."); Vida v. El Paso Emps' Fed. Credit Union, 885 S.W.2d 177, 181 (Tex. App. 1995) (quoting "Moore" Burger, Inc. v. Phillips Petroleum, Co., 492 S.W.2d 934, 936 (Tex. 1973)).

---

[4]Defendant cites Texas and Kansas case law. Plaintiff cites Oklahoma case law.

Defendant argues that the doctrine should not apply because the complaint does not "even mention the words 'promissory,' 'promise,' or 'reliance' — let alone plead the required elements for such a cause of action." [Doc. #13, pg. 2]. Of course, there is no requirement that a plaintiff plead a particular label or theory — the requirement is that he plead *facts* sufficient to state a claim. Fed. R. Civ. P. 8(a); Twombly. Here, plaintiff has done so.

The exact formulation of the promissory estoppel doctrine varies by jurisdiction, but all versions appear to be substantially similar to Oklahoma law. "A claim for promissory estoppel has four elements: (1) a clear and unambiguous promise, (2) foreseeability by the promisor that the promisee would rely upon it, (3) reasonable reliance upon the promise to the promisee's detriment and (4) hardship or unfairness can be avoided only by the promise's enforcement." Eureka Water Co. v. Nestle Waters N. Am., Inc., 690 F.3d 1139, 1156 (10th Cir. 2012) (applying Oklahoma law). Taken in the light most favorable to plaintiff, the complaint states facts sufficient to show each of the necessary elements, so as to state a plausible basis for application of the doctrine. The motion to dismiss will be denied.

In the alternative, defendant asks the court to transfer venue, pursuant to 28 U.S.C. § 1404(a), to the Northern District of Texas or the Eastern District of Virginia. It argues that the only contact with this district is that it is where plaintiff chose to file suit, and that, with no other interests at stake, a change of venue is warranted.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought." 28 U.S.C. § 1404(a). "In considering a motion to transfer under § 1404(a), [the court] weigh[s] the following discretionary factors: the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and [ ] all other considerations of a practical nature that make a trial easy, expeditious and economical." Emp'ts Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th. Cir. 1991)) (internal quotations marks omitted). "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." Chrysler Credit Corp, 928 F.2d at 1515. "Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." William A. Smith Contracting Co. v. Travelers Indem. Co., 467 F.2d 662, 664 (10th Cir. 1972).

While there are some factors which would weigh in favor of a transfer to another district, the court concludes the balance of factors has not been shown to be "strongly in favor" of the request to change venue. Plaintiff's submissions indicated that Oklahoma is his permanent residence, that his prior dealings with defendant involved various contacts with Oklahoma, and that some of the negotiations at issue here took place in Oklahoma or

5

while defendant was in Oklahoma.⁵ Defendant's headquarters is in Virginia and it would no doubt be less burdensome for defendant to defend the case there. However, location of plaintiff's permanent residence here presents a similar countervailing interest of the plaintiff. Some of the witnesses may be in Virginia but at least some will be elsewhere.⁶ Virginia has an interest in regulating the conduct and potential liability of an entity organized under its laws, but Oklahoma has an interest in protecting the contractual expectations of its citizens. The Eastern District of Virginia would no doubt provide a prompt resolution of this case, but there is nothing about the state of this court's docket which would prevent it from resolving the case as rapidly as the parties' efforts warrant. The court is unpersuaded that a basis for overriding plaintiff's choice of forum is present.

For the reasons stated, defendant's motion to dismiss or to transfer venue [Doc. #10] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 10th day of October, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

⁵"When reviewing a motion to transfer venue under § 1404, a court may consider evidence outside of the pleadings but must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party." Arr-Maz Prods., L.P. v. Shilling Const. Co., Inc., 12-CV-0319-CVE-FHM, 2012 WL 5251191, *3 (N.D. Okla. Oct. 24, 2012).

⁶Defendant's suggestion that some witnesses will be beyond the reach of this court's compulsory process is unpersuasive. There is nothing in the present submissions to indicate the potential witnesses would be other than employees of defendant.